CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 10 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonaco
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# DANVILLE DIVISION

Jerry Lee Hairston, pro se

    Plaintiff.

Case No.: 4:18CV00029

v.

Steve Draper, et al
Sheriff of Martinsville
City Jail

    Defendant

# COMPLAINT WITH JURY DEMAND

## INTRODUCTION

Come now Plaintiff Jerry Lee Hairston, pro se a Patient at the Virginia Center for Behavioral Rehabilitation, for compensatory damages relief under 42 U.S.C. 1983 alleging he was a civil detainee, without criminal charges, nor probation or parole violation, illegally detained in general population of the Martinsville Jail on two occasions, a total of 16 months, constituted cruel and unusual punishment causing Hairston to fear for his safety, suffered mental and emotional anguish, and misery, and physical injures in two assaults, was a violation of the Eighth Amendment to the United States Constitution.

Hairston was civil detainee pursuant to 37.2-900 et seq, of Virginia Sexually Predators Act (VCBR). Hairston has a legitimate liberty interest in being detained somewhere other than the Martinsville City Jail and the jail was without legal authority to hold him.

The Virginia Center for Behavioral Rehabilitation (VCBR), or any other secure facility, skilled in treatment and risk assessment of sex offenders and not Martinsville City Jail is the legal entity statutorily and con-    stitutionally, authorized to hold an (SVP) civil detainee in Virginia. Constitutionally the SVPA is a non-punitive, civil commitment statue; being kept in the jail for that long period in time in general population was punitive, a violation of the Fifth Amendment's Due Process Clause, the Eighth Amendments Rights to be free of cruel and unusual punishment, and harm, the Sixth Amendment Right to Counsel, all of which com to the states through the Fourteenth Amendment Equal Protection Clause. Hairston was deprived of his liberty, harmed physically, and deprived of counsel without process.

## I JURISDICTION

**1.** The Court has jurisdiction over the plaintiff's claim of violation of federal constitutional rights under  42 U.S.C. 1331 (1) and 1343.

**2.** The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367 in that this action seek to redress the deprivation, under color of state law of rights secured by the Acts of Congress providing for equal rights of person within the jurisdiction of the United States.

## II PARTIES

**3.** The plaintiff was detained in the Martinsville City Jail during the event described in this complaint, he was a civil detainee due to the Core of Virginia 37.2-913 of the Sexually Violent Predators (the Act).

**4.** Defendants Timothy L. Wood and Michele A. Whitlow, are Probation Parole Officers with District #22 in Martinsville Virginia, they are sued in their individual and official capacities. 32 Bridge St., Suite 300, Martinsville, Va. 24114

**5.** Defendants Tonya Hairston and Robin Accord are Classification Sergeants at the Martinsville City Jail, they are sued in their individual and official capacities. 55 W. Church St., Martinsville, Va. 24114.

**6.** Defendants M. Spence and Davis are both Captains of the Martinsville City Jail. They are sued in their individual and official capacities. 55 W. Church St., Martinsville, Va. 24114.

**7.** Defendants James Steward and Jack Barber are Commissioners and Interim Commissioner of the Department of Behavioral Health and Developmental Service, (DBHDS), they are sued in their individual capacities. P.O. Box 1797, Richmond, Va. 23218-1797.

**8.** Defendant William E. Winters, Jr., Assistant in the Office of the Attorney General, is sued in his individual and official capacities. 900 E. Main St., Richmond, Va. 23219.

**9.** Defendant Doris E. Nevins is a Clinical Psychologist designated by the DBHDS for a mental health examination is sued in her individual and official capacity. 3245 Electric Rd., Suite 1-A, Roanoke, Va. 24018.

**10.** Dennis R. Carpenter is a Clinical Psychologist designated by the DBHDS for a mental examination is sued in his individual and official capacity. The Westwood Group 5821 Staples Mill Rd., Richmond, Va. 23228.

**11.** Steve Draper, Sheriff of Martinsville City Jail, is sued in his individual and official capacity. 55 W. Church St., Martinsville, Va. 24114.

**13.** All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## III FACTS

**14.** On January 20, 2016, Timothy L. Wood, Chief Probation Officer of District #22, signed a petition for a Emergence Custody Order accusing Hairston of violating his Sex Offender Special Instruction, C(Positive [Drug] Test), and L(Removing GPS)... He did not accuse Hairston of violating any criminal statues within the Code of Virginia. "Note" Hairston was not on parole or Probation. (See EXHIBIT-A, E.C.O. Petition January 20, 2016).

**15.** Pursuant to the Emergency Custody Order authorized by Magistrate Joey Robinett in Martinsville, Va..(See EXHIBIT-B, E.C.O., January 20, 2016). Timothy L. Wood commanded that Hairston be arrested and, must remain in custody pending a hearing in the Circuit Court of Martinsville Virginia.

**16.** Timothy L. Wood order that Hairston be taken to the Martinsville City Jail, after his arrest for a mental examination by Steve Wolf, Ph. D. who has been designated by DBHDS.

**17.** Hairston was placed in punitive restraints by A.T.F. Police Officers on January 21, 2016, and treated like a common criminal, and taken to the Martinsville City Jail.

**18.** Hairston violated his conditional release, and pursuant to Section 37.2-913(B) shall be transported to a secure facility specified by the Department where a person designated by the Department who is skilled in the diagnosis, treatment, and risk assessment of sex offenders.

**19.** On the E.C.O., Timothy L. Wood commanded to take custody of Hairston and transport him to the (Evaluation site name) Martinsville City Jail 55 W. Church St., Martinsville, Va., for the Code of Virginia

37.2-913 evaluation. The blank line on the form was filled in by Timothy L. Wood instructing the Martinsville City Jail to keep Hairston in their custody, pending a hearing in the Circuit Court of Martinsville, instead of delivering him to the Department or Virginia Center for Behavioral Rehabilitation (VCBR), whose address is 4901 E. Patrick Henry Hwy., Burkeville, Va. 23922.

This is true on information and belief.

**20.** As a result of the custody order commanded by Timothy L. Wood, Hairston who violated no law and committed no crime, nor did he have any parole or probation, was arrested and put into a punitive environment of the Martinsville City Jail.

**21.** On January 21, 2016 Hairston was placed in a holding block this is where criminals are housed when coming into the jail, awaiting bail or to be classified into the jail. I was held in this holding block almost a week, Captain Spence knew she had someone in her custody under a E.C.O., for a mental examination, and transportation to a secure medical facility.

**22.** The E.C.O. states the reason for being in the jail pursuant to Section 37.2-913, SVPA. Yet she allowed Hairston to be in general population with dangerous felons and convicted felons in violation of the Code of Virginia 37.2-909(A), 37.2-831, and 37.2832. Captain Spence took no action to have Hairston transported to VCBR, or no other secure medical facility, knowing that Hairston had not been charged with a crime, nor had he violated parole or probation, which he did not have.

**23.** On or about January 26, 2016 Classification Sergeant Tonya Hairston assigned Hairston to Cell Block #2 a six man block which was over crowded with eight people in there, Hairston having to sleep on the floor, in general population with dangerous convicted felons. Hairston was now being detained in the Martinsville City Jail without violating the law and committed no crime, nor did he have parole or probation, but here he was in this punitive environment... of general population.

**24.** On or about February 26, 2016 Doris E. Nevin , Ph. D. came to the jail for a Clinical Interview with Mental Status Examination, she became the doctor designated by the DBHDS . Hairston expressed his mental and emotional state of being detained in the City Jail's general population. She done nothing to correct or report this matter of Hairston being in a punitive environment. Knowing full well that his being a civil detainee, he is not to be in a punitive situation. But instead she referred to Hairston as an " Inmate at Martinsville City Jail."

**25.** James Steward, Commissioner and Jack Barber ,M.D., Interim Commissioner, in Pursuant to Code of Virginia 32.2-913(A), a copy of the petition and Emergency Custody Order shall be forward to the DBHDS, the Commissioner or Interim Commissioner did nothing to correct the punitive situation of being held in a jail, when the civil commitment is not to be punitive.

**26.** William E. Winters, Jr., Office of the Attorney General also get a copy of the petition and this Emergency Custody Order. Hairston appeared in court August 24, 2016 after his hearing was put off two or more times, and Winters was aware that Hairston had been in the Martinsville City Jail the whole time from January 21, 2016 until August 24, 2016.

3

**27.** Hairston was reinstated to conditional release on August 24, 2016, but he remained in the general population of the jail until November 10, 2016 and Winters still did not correct the punitive situation, knowing that Hairston should not have been housed in general population of the jail, when he had not committed a crime, and was only a civil detainee, non-punitive.

**28.** Hairston was released November 10, 2016 to condition release, but he violated again by using drugs.

**29.** On December 25, 2016 Michele A. Whitlow, (Monitor) signed a petition for an Emergency Custody Order accusing Hairston of violating his Sex Offender Special Instructions, C (Positive [Drug] Test). Magistrate Bonnie R. Bowman in Martinsville Virginia issued the E.C.O., and was ordered to be arrested and, remain in the custody of the Martinsville City Jail pending a hearing in the Circuit Court of Martinsville.

**30.** On December 25, 2016 Michele A. Whitlow, (Monitor) and Martinsville Police Officers placed Hairston in punitive restraints like a common criminal, and took him to the Martinsville City Jail. Again Hairston had not violated any laws, committed no crime, nor did he have any parole or probation. Michele A. Whitlow, with Martinsville Police Officers took Hairston to the City Jail, but gave no instructions concerning Hairston being a civil detainee pursuant to Section 37.2-909(A), that he should be segregated by sight and sound at all times from prisoners in the custody of a correctional facility, as well as not being placed in a punitive environment.

**31.** Hairston's E.C.O. commanded that he remain in the custody of the Martinsville City Jail pending a hearing held in the Circuit Court of Martinsville, that he have a mental health examination by a doctor designated by DBHDS, a blank line on the Emergency Custody Order was filled in by Michele A. Whitlow instructing the Martinsville City Jail to keep Hairston in their custody instead of delivering him to the DBHDS or VCBR, this results placed him in a punitive environment in the city jail, when he was not on parole or on probation, and had no committed a crime. This is true on information and belief.

**32.** Hairston was placed in a single man cell at Hairston's request for fear of being put back in general population because of his past sex offense. While in the cell Hairston became deeply depressed about being back in the jail. Hairston attempted suicide, but he was discovered by Jailer Wilson, he reported this and Hairston was placed on strip cell until he was seen by a Psychologist from Piedmont Community Services, after seeing him Hairston was put back in the single cell. Until Lt. Preston told Hairston that he need that cell, so pack your things I'm moving you to a block.

**33.** On or about December 28, 2016 Classification Sergeant Robin Accord assigned Hairston to Cell Block #1, a six man block which was over crowed with eight people, Hairston's bunk was on the floor, in general population with dangerous convicted felons. Hairston was now being detained in the Martinsville City Jail without violating the law and committed no crime, nor did he have parole or probation, but he was in jail, a punitive environment. Classification Sergeant Robin Accord assigned him to what they call the dark side, all cell blocks, for people in the jail with a violent offense or have too much time to be placed in the dorm.

**34.** Captain Davis knew she had someone in her jail (custody) under a E.C.O., for a mental examination, and transportation to a secure facility. The E.C.O. states in pursuant to Section 37.2-913, "SVPA", as the reason for Hairston being in the jail. Captain Davis allowed Hairston to be placed in general population with dangerous convicted felons in violation of Code of Virginia 37.2-909(A), 37.2-831, and 37.2-832. Captain Davis took no action to have Hairston transported to "VBCR", or no other secure facility, knowing that he had not been charged with a crime, nor had he violated parole or probation, which Hairston did not have.

**35.** On January 27, 2017 Dennis R. Carpenter, Psy. D., was designated by the Commissioner, he came to the Martinsville City Jail where he observed Hairston in the dangerous punitive environment and then interrogated him under those condition instead of a clinical setting . Hairston expressed to Carpenter that he could not take being in the jail again, and he was aware of Hairston's attempt at suicide and the emotional and mental state of deep depression he was always in. Carpenter while acting as an agent for the Office of the Attorney General done nothing to correct or report this matter of Hairston being in the punitive environment, See 37.2-913(B).

**36.** On May 8, 2017 Hairston went to court and was committed back to " VCBR," yet he remained in the general population of the jail until June 8, 2017. Winters was in the court, and knew Hairston had been in the jail for the last six months without being charged with a crime, and allowed him to stay in the punitive environment.

**37.** While Hairston was being confined in the jail, he was housed in the section of the jail that called the dark side, which are over crowed cell block that is made for six men, but now house up to nine men, three of them sleeping on the floor.

**38.** The difference of the sides is that the other side is dorm living, and for non-violent offenders, that have a very small amount of time, if any.

**39.** Hairston was classified as a violent offender in to the jail, being assigned to Cell Block #2 in January of 2016. While in the block Hairston had a problem with one of the inmates that learned of his past sex offense. Hairston requested to move to avoid a problem. April or May of 2016, he was moved to cell block #4, where he bunked on the floor.

**40.** A bully was moved in the four block shortly after Hairston, and targeted Hairston. While playing cards one day August the guy attacked Hairston; Hairston went to court a few days later on August 11, 2016, while out of the block Hairston reported what had happen in the block, he was moved that same day to cell block #1, where he was bunked on the floor again.

**41.** Hairston remained in this block until another inmate wanted to fight Hairston, some words were exchanged and the inmate tried to slap Hairston, Hairston was forced to defend himself. After Hairston was moved out of the block and put in the lock up block of Cell Block #5, where he was kept a few days, and then moved to the dorm where he was house overnight and released from the jail the following day November 10, 2016, and even in the dorm Hairston slept on the floor.

5

# IV CLAIMS FOR RELIEF

**42.** The Defendants Wood and Whitlow, failed to follow the statute of 37.2-913(B), as agents of the courts it is their duty to know the process that is due, and carry it out to the letter, which states " the Respondent Hairston ) shall be transported to a secure facility specified by the Department." Not being aware of the process due is no excuse. Constitutionally the SVPA is a non-punitive, civil act, and not a criminal.  Authorizing that Hairston be held in custody at the jail was done by Wood and Whitlow, not the Department. No hearing of any kind was performed for Hairston to be in the punitive environment on two occasions total of 16 months  without a criminal charge, nor had he broke any laws, was a violation of the Fourteenth Amendment to the United States Constitution. Defendants also violated the Eighth Amendment when they directed the jail to keep Hairston, which come to be punishment, cruel and unusual inflicting mental anguish and misery, violating the Eighth Amendment to the United States Constitution.

**43.** The failure of M. Spence and Davis, (both Captains of the jail) to investigate the custody of an individual in their custody due to an Emergency Custody  Order  in pursuant to 37.2-913, where (B) of the section inform whoever has plaintiff in custody, that he is there for a mental health examination and to be transported to a secure facility, that he is also a civil detainee pursuant to 37.2-900 and the procedural process is that section 37.2909(A) be imposed on plaintiff. " Respondent  committed under this chapter shall be segregated  by  sight and sound at all times from prisoners  in the custody of a correctional facility." That the SVPA was non-punitive, and housing plaintiff in general population would be considered punishment.  Failure  to  follow due care and procedural due process, constituted a violation of the Fourteenth Amendment to United States Constitution.

**44.** The Defendant Steve Draper, Sheriff of Martinsville City Jail, duties of a Sheriff include the duty to assist in the judicial process, and to oversee the custody of prisoners in the jail, and enforce the law. Sheriff Draper failed in providing Hairston the procedure of due process, by allowing Hairston to be kept in general population on an Emergence Custody Order, without a criminal offense. Hairston was in custody for a mental examination, and transportation, namely to " VCBR." Sheriff Steve Draper violated a number of state laws, 37.2-909(A) " Placement of committed respondents," 37.2-831 " Detention in jail after order of admission and 37.2-832 " Person with mental illness not to be confined in cell with criminals." Keeping Hairston in the punitive environment constituted a violation of due process, of law in violation of the Fourteenth Amendment to the Constitution, deliberate indifference, of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**45.** The Defendant Accord and Hairston, failed to perform a mental health screening on intake when Hairston was placed in their custody, due to an Emergency Custody Order. The order called for a mental health examination, and transportation to a secure facility. Based on the E.C.O., which clearly outline a mental illness issue, defendants failure to act resulted in Hairston being housed in general population, and not apart from the inmates in general population, violated his constitutional rights which was deliberate indifference of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

**46.** The failure of Defendant William E. Winters, Jr., to act and intervene on his knowledge of plaintiff being held in the custody of the City Jail pursuant to 37.2-913. Winters was aware that the plaintiff was a civil detainee pursuant to 37.2-913(B), and that the procedural process was to follow the Code of Virginia 37.2-909(A) to be enforced on plaintiff, " segregate by sight and sound at all times from prisoners in the custody of a correctional facility." Winters knew the plaintiff was not to be in a punitive environment pursuant to 37.2-900 et seq, that the SVPA was a non-punitive, civil commitment statute. Winters violated plaintiff's Fifth and Fourteenth Amendment to the United States Constitution, as well as cruel and unusual punishment of not intervening to plaintiff continued custody of the jail, violated the Eighth Amendment to the United states Constitution.

**47.** The failure of Defendant James Steward, Commissioner and Jack Barber, Interim Commissioner to act and intervene on their knowledge of a known and for see able substantial risk of serious harm to the plaintiff being in the punitive dangerous environment of the city jail, violated his Eighth Amendment Right to be free from deliberate indifference to his safety and mental health needs. As a result of Defendant Steward and Barber failure to act, plaintiff was deprived of liberty and suffered psychological impact of emotional distress also a violation of the Eighth Amendment to the United States Constitution.

**48.** The failure of Defendant Doris E. Nevin and Dennis R. Carpenter, Psychologist, designated by DBHDS to perform the mental health examination. They owed plaintiff a duty of reasonable care to protect him from harm, plaintiff expressed to the psychologist his mental emotional distress of being confined in the punitive environment of the city jail, they did not act or try to intervene. Their disregard of plaintiff confinement was deliberate indifference, which farther caused the infliction of this emotional and mental distress to continue in violation of the Eighth Amendment to the United States Constitution.

**49.** The failure of C. Preston, Lieutenant of the City Jail to look into the status of plaintiff's reason for being detained in the jail. Moving plaintiff to dangerous punitive environment of general population was an omission of proper attention to an individual in custody on an Emergency Custody Order, for mental health examination, and transportation. The failure and action of Defendant put plaintiff in a substantial risk of serious harm, this violated his Eighth Amendment Right to be free from deliberate indifference to his safety. As a results of Defendant's actions, plaintiff suffered serious mental anguish and misery, as well as fear continued violation of the Eighth Amendment to the United states Constitution.

**Pursuant to 28 U.S.C. 1746 I declare under penalty of perjury that the following is true and correct.**

Date: _May 2, 2018_                                              _Jerry Lee Hairston_

**Jerry Lee Hairston**                                                                   Signature

**4901 E. Patrick Henry Hwy.**

**Burkeville, Va. 23922**

7

## V RELIEF REQUESTED

WHEREFORE, plaintiff request that the court grant the following relief:

A. Award compensatory damages in the following amount:

   1. $200,000 jointly and severally against defendants: Steward, Barber, and Winters showing deliberate indifference to plaintiff's safety resulting in physical and emotional injuries as a result of defendants failure to protect and being deliberate indifference to plaintiff safety and mental health.

   2. $100,000 jointly and severally against defendants: Draper, Whitlow, and Wood failure to carry out procedural due process, as a result plaintiff was deprived of his liberty and amenity by being confined in a punitive dangerous environment.

   3. $50,000 jointly and severally against defendants: Spence and Davis failing to apply the proper procedures safeguards for a civil detainee in their custody, as a result plaintiff was confined in a dangerous punitive environment with convicted felons.

   4. $30,000 jointly and severally against defendants: Nevins and Carpenter they owed plaintiff a duty of reasonable care to protect him from harm, and in showing deliberate indifference plaintiff suffered emotional and mental distress.

   5. $20,000 jointly and severally against defendants: Preston, Accord, and Hairston failed in their duty to protect and separate a civil detainee from being placed in the punitive environment of general population, as a result plaintiff lived in fear suffering mental and emotional injury.

B. Award punitive damages in the following amount:

   1. $30,000 each against Steward, Barber, and Winters.

   2. $30,000 each against Wood, Whitlow, and Draper.

   3. $20,000 each against Nevins and Carpenter.

   4. $20,000 each against Spence and Davis.

   5. $10,000 each against Accord, Hairston, and Preston.

C. Grant such other relief as it may appear that plaintiff is entitled.

Jerry Lee Hairston

4901 E. Patrick Henry Hwy.                                  Date May 2, 2018

Burkeville, Va. 23922                      Respectfully submitted: Jerry Lee Hairston

8