CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 14 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JERRY LEE HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18-cv-00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEVE DRAPER, et al., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

This matter is before the court on Defendants' various motions to dismiss [ECF Nos. 32, 34, 39, 42, 55, 56, 64], Plaintiff's Motion to Reconsider Appointment of Counsel [ECF No. 78], and Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 79]. After extensive briefing by all the parties on all the motions under consideration, I instructed the parties that the pending motions would be decided on brief. (Order, Sept. 4, 2018 [ECF No. 75].) I have fully reviewed Plaintiff's Complaint, as well as the briefs and arguments of the parties. For the reasons stated herein, Plaintiff's Complaint will be dismissed.

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff Jerry Lee Hairston ("Plaintiff") has been designated a sexually violent predator ("SVP") under Virginia law. See Va. Code Ann. § 37.2-900 et seq. (2018). In October 2011, Plaintiff was civilly committed to the Virginia Department of Behavioral Health and Developmental Services ("DBHDS") for control, care, and treatment, pursuant to Va. Code Ann. § 37.2-900, et seq. Approximately four years later, Plaintiff was conditionally released. See id. § 37.2-910(A). As a condition of his release, the Circuit Court for the City of Martinsville

---

[1] The facts are taken from Plaintiff's pro se Complaint and, at this stage, are presumed to be true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

imposed certain conditions on Plaintiff. (See Order, Commonwealth v. Hairston, Case #10000087-00, Oct. 14, 2015 [ECF No. 40-2].) His attorney did not object to any provision of Plaintiff's conditional release order or plan. (See id.)

On January 20, 2016, Plaintiff's probation officer, Defendant Timothy Wood, filed a petition with the Circuit Court, alleging that Plaintiff had violated several conditions of his conditional release; specifically, that Plaintiff tested positive for cocaine on January 8, 2016, and that he removed his GPS location monitoring device and absconded from supervision on January 20. (See Compl. Ex. A [ECF No. 2-1].) On the basis of the petition, an Emergency Custody Order was entered on January 20. (Id.) Plaintiff was taken into custody and held in the Martinsville City Jail pending a hearing.

On August 24, 2016, Plaintiff was found to have violated the conditions of his release by the Circuit Court for the City of Martinsville. (See Order, Commonwealth v. Hairston, Case #10000087-00, Sept. 6, 2016 [ECF No. 40-3]. The court ordered that Plaintiff be held in the Martinsville City Jail until further order of the Court, pending a new conditional release plan. Plaintiff was ultimately released on November 10. (See Order, Commonwealth v. Hairston, Case #10000087-00, Nov. 10, 2016 [ECF No. 40-3].)

On December 25, 2016, a second Emergency Custody Order was entered on a petition from Plaintiff's probation officer, Defendant Michele Whitlow (Compl. Ex. B), and Plaintiff was again taken into custody and held at the Martinsville City Jail. On May 19, 2017, Plaintiff's conditional release was revoked pursuant to Va. Code Ann. § 37.2-913. (See Order, Commonwealth v. Hairston, Case #10000087-00, May 19, 2017 [ECF No. 40-5].) As a result, Plaintiff was committed to the DBHDS "for appropriate control, care, and treatment in a secure inpatient facility designated by the Commissioner of DBHDS." (Id.)

The gravamen of Plaintiff's *pro se* Complaint is his contention that he was held "with dangerous felons and convicted felons" in the Martinsville City Jail during the pendency of his court proceedings rather than being delivered to a treatment facility run by DBHDS. (See, e.g., Compl. ¶¶ 17, 19, 20, 22, 23.) This, he contends, violated the Virginia SVP statute and his constitutional rights. (Compl. ¶ 22.) He generally alleges that those who could have terminated his detention failed to do so in a timely manner (i.e., Defendant William E. Winters with the Virginia Attorney General's Office, "was aware that Hairston had been in the Martinsville City Jail [for nearly 8 months . . . but] did not correct the punitive situation" (Compl. ¶¶ 26–27)), and that his conditions while in confinement were intolerable. For example, he alleges that, on several occasions, he was housed in overcrowded units. (See, e.g., id. ¶ 33.)

Plaintiff filed a *pro se* Complaint in this court on May 10, 2018, naming Timothy Wood (probation officer), Michele Whitlow (same), Tonya Hairston (sergeant at Martinsville jail), Robin Accord (same), M. Spence (captain at the Martinsville jail), Davis (same), C. Preston (lieutenant at the Martinsville jail), James Steward (commissioner or interim commissioner of DBHDS), Jack Barber (same), William Winters (assistant attorney general for Virginia), Dennis Carpenter (clinical psychologist with DBHDS), and Steve Draper ("Sheriff of Martinsville City Jail"), as defendants. All defendants have filed motions to dismiss, Plaintiff has responded, and Defendants have replied. There are also various other motions pending, including Plaintiff's motion for leave to file an amended complaint. I instructed the parties that I would review all the pleadings and rule on the motions without argument. [ECF No. 75.] Having reviewed all the pleadings and the relevant legal authority, the matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Plaintiff, who is proceeding *pro se*, is entitled to a certain level of deference in his pleadings by virtue of her status as an unrepresented litigant. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "the requirement of liberal construction [of pleadings for *pro se* parties] does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim . . . ." Knowles v. S. C.D.C., No. 2:09-1921-MBS, 2010 WL 2990157, at *3 (D.S.C. July 29, 2010).

When a challenge to subject matter jurisdiction is raised under Rule 12(b)(1), "the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. "The court must grant the motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Little v. Stock Bldg. Supply, LLC, Case No. 4:10-cv-129, 2011 WL 5146179, at *3 (E.D.N.C. Sept. 2, 2011) (quoting Richmond, 945 F.2d at 768).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Two salient points of law need to be discussed at the outset. First, violations of state laws or rules of procedure, in and of themselves, do not state a claim under 42 U.S.C. § 1983.[2] See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim."); Campbell v. Angelone, No. 7:01cv01023, 2004 WL 5310019, at *10 (W.D. Va. Apr. 16, 2004) ("To the extent that this allegation can be construed as one alleging a failure to follow institutional policy or state procedure, such violations of state procedural law do not implicate federal due process rights and are not cognizable under § 1983.") This is so because § 1983 creates a civil right of action against those who violate *federal* constitutional or statutory rights. See 42 U.S.C. § 1983 (2018). Therefore, unless an alleged violation of the Virginia SVP statute by a named defendant *also* violated Plaintiff's federal constitutional or statutory rights, it is not actionable in this court.

Second, Plaintiff's entire Complaint is premised on his argument that, because he was not "segregated by sight and sound at all times from prisoners in the custody of a correctional

---

[2] If the violation of state law or procedure implicates a protected liberty or property interest, however, it is actionable under § 1983. See Wilkinson v. Austin, 545 U.S. 209, 220–21 (2005) (noting that a liberty interest may arise from the Constitution itself, or from state laws and policies).

facility," Va. Code Ann. § 37.2-909, his constitutional rights were violated. Even assuming that he has claimed a liberty interest protected by the federal constitution, see, e.g., King v. Smith, No. 3:12CV12, 2014 WL 4365464, at *8–9 (E.D. Va. Sep. 2, 2014), by its terms, § 37.2-909 only applies to those who have been "committed" pursuant to the Virginia SVP statute. Plaintiff's allegations establish that, during his detention, he had not been committed as an SVP; rather, he was being held on an emergency custody order for violating the terms of his conditional release. See id. § 37.2-913. It is vital to note that the restrictions found in § 37.2-909 regarding custody of those committed are omitted from § 37.2-913, which governs holding those accused of violating the terms of their conditional release. Plaintiff was plainly in custody pursuant to the latter.[3]

### A. Motions to Dismiss

Plaintiff's claims will be addressed based on the class of defendants: probation officers, jail personnel, medical personnel, DBHDS officials, and William Winters.

#### 1. Probation Officers[4]

Plaintiff's allegations against Timothy Wood and Michele Whitlow are, in essence, that they filed the petitions to have his conditional release revoked. (See, e.g., Compl. ¶¶ 16, 20, 30.) Without more, this allegation is insufficient to state a claim under § 1983.

Plaintiff does not allege that anything in the petitions (which he filed as exhibits to his Complaint) were dishonest or in any way incorrect. Cf. Franks v. Delaware, 438 U.S. 154 (1978); Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (extending Franks to

---

[3] Obviously, a wrongful detention under the Virginia SVP statute—or any statute—implicates a vital liberty interest protected by the Constitution. Plaintiff, however, does not allege that his detention was wrongful; he only takes issue with the conditions in which he was held. He makes no contention that he did not violate the terms of his conditional release, or that any party lied or misled the judicial officer to secure his detention.

[4] Defendants Timothy Wood and Michele Whitlow.

§ 1983 claims). He does not allege that material facts were omitted, or that the judicial officer who issued the emergency custody order was misled in any way. Rather, he seems to argue that his ultimate detention in the Martinsville jail awaiting hearings was in violation of the Virginia SVP statute,[5] and thus the act that set in motion the events that brought him into custody must be wrongful as well. He has not alleged any constitutional wrongdoing on the part of Defendants Wood or Whitlow, and thus their motion to dismiss will be granted.

Plaintiff also makes the conclusory assertion that Whitlow "and Martinsville Police Officers placed Hairston in punitive restraints like a common criminal, and took him to the Martinsville City Jail." (Compl. ¶ 30.) As discussed more fully in § 2 below, conditions imposed on a pretrial detainee solely for the purpose of punishment are contrary to the Constitution. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). Plaintiff's conclusory allegation that his restraints were punitive, without any detail or description however, is insufficient to state a claim. The court is not bound to accept Plaintiff's description of his restraints as punitive, see, e.g., Hays v. City of New York, No. 14-CV-10126, 2017 WL 782496, at *6 (S.D.N.Y. Feb. 28, 2017), and thus he has failed to allege a cause of action against Whitlow for placing him in "punitive" restraints.

---

[5] Although it is not dispositive of any claim, I note that Plaintiff's detention on an emergency custody order is, in fact, in accord with Virginia SVP statute. Virginia's SVP statute states that, upon the issuance of the emergency custody order by a "judicial officer," the respondent is to be taken "into custody immediately." Va. Code Ann. § 37.2-913(B). The respondent is to be taken to "a secure facility specified by" the DBHDS. Id. The respondent is to "remain in custody until a hearing is held in the circuit court" regarding the alleged violation of the respondent's conditional release. Id. § 37.2-913(C). According to Plaintiff's Complaint, that is exactly what occurred here. The basis of his claims seems to be his belief that the Martinsville jail was not a proper facility under the statute for his detention.

### 2. **Jail Personnel**[6]

Turning to Plaintiff's allegations and Plaintiff's claims regarding the conditions at the Martinsville City Jail, the Due Process Clause of the Fourteenth Amendment forbids incarcerating a pretrial detainee[7] in conditions that "amount to punishment." Bell, 441 U.S. at 535. Conditions are considered punitive when they are "imposed for the purpose of punishment," id. at 538, meaning taking a "deliberate act intended to chastise or deter," Wilson v. Seiter, 501 U.S. 294, 300 (1991). Absent proof of a punitive motive, an unconstitutional punishment may be established if the challenged condition of confinement "is not reasonably related to a legitimate goal[;] if it is arbitrary or purposeless[,] a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon . . . detainees." Bell, 441 U.S. at 538–39 (footnote and citation omitted). Conditions that are "reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released prior to trial." Id. at 540.

None of the conditions Plaintiff describes, such as overcrowded cell blocks, being treated like a "common criminal," or being held "in general population with dangerous felons and convicted felons," rise to the level of punishment forbidden by the Constitution. Rather, Plaintiff's Complaint is little more than a screed against being held in jail while awaiting a hearing on his conditional release violation.[8] When he does allege a form of mistreatment, he

---

[6] Defendants Tonya Hairston, Robin Accord, M. Spence, Davis, C. Preston, and Sheriff Draper.

[7] Despite his allegations, Plaintiff's court records (which he filed with his Complaint) establish that he was being held on an allegation that he violated the terms of his conditional release by using cocaine, removing his electronic location monitoring device, and absconding from supervision.

[8] Where Plaintiff's allegations contradict the court records, the records are presumed valid. Although Plaintiff contends he was not on "probation or parole," the court records he filed indicated that, as a

does not allege it was done at the hands of any defendant.[9] Although he does allege that an inmate "tried to slap" him (Compl. ¶ 41), he does not allege that any jail defendant was: aware of the incident; approved of the incident; directed that the inmate slap Plaintiff; or failed to take corrective action when informed of the event. Insofar as Plaintiff bases a cause of action against the jail defendants based on the conditions in which he has alleged he was held, he has failed to state a claim. Accord Harding v. Aylor, No. 7:14cv00302, 2015 WL 5178185, at *2 (W.D. Va. Sept. 4, 2015).

Plaintiff's sole allegation of "punitive" conditions—that he was placed in punitive restraints—is not alleged against any named jail defendant. Accordingly, even if I were to accept his conclusory allegation that his restraints were punitive, that allegation is not leveled against a party before the court and does not form the basis for any claim against any party. This allegation, standing alone, is insufficient to state a claim. See Rizzo v. Goode, 423 U.S. 362, 375–76 (1976) (requiring individualized inquiry into causation and focus on the duties and responsibilities of each individual defendant whose act or omission is alleged to have caused a constitutional deprivation).

### 3. Medical Personnel[10]

To state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance, a plaintiff must show that a defendant acted with deliberate indifference to a serious medical need. West v. Adkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104

---

condition of his release from DBHDS, certain restrictions were placed on him. This is evident from the fact that Plaintiff was on location monitoring.

[9] This is not to suggest that any of the facts alleged by Plaintiff, even if perpetrated by or at the direction of any named defendant, would rise to the level of a constitutional violation.

[10] Defendant Dennis R. Carpenter. Dr. Doris Nevins, a named defendant and medical personnel, was dismissed from this action pursuant to Fed. R. Civ. P. 4(m). (Order, Sep. 4, 2018 [ECF No. 75].)

(1976); Conner v. Connelly, 42 F.3d 220, 222 (4th Cir. 1994). "A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain." Delaney v. Marsh, No. 7:08-cv-00465, 2010 WL 1212569, at *2 (W.D. Va. Mar. 25, 2010) (citing Sosebee v. Murphy, 797 F.2d 179, 181–83 (4th Cir. 1986)). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985)). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. Id. at 851–52. The plaintiff must demonstrate, however, that a medical defendant's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citing Rogers v. Evans, 792 F.2d 1052, 1058 (7th Cir. 1986) (collecting cases)).

Plaintiff's allegations fail to state a claim against Defendant Carpenter. Plaintiff alleges that Carpenter "observed [him] in the dangerous punitive environment and then interrogated him under those condition [*sic*] instead of a clinical setting." (Compl. ¶ 35.) This allegation fails to state a claim against Carpenter as it does not evidence, or even allege, deliberate indifference to a medical need. At most, Plaintiff alleges a violation of the Virginia SVP statute which, as stated previously, does not give rise to a cause of action under § 1983. See Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 392 (4th Cir. 1990).

Plaintiff also alleges he "expressed to Carpenter that he could not take being in the jail again, and [Carpenter] was aware of Hairston's attempt at suicide and the emotional and mental state of deep depression he was always in." (Compl. ¶ 35.) Plaintiff has failed to allege that he

"objectively" suffered from a serious medical need and that Carpenter was "subjectively" aware of it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Rather, he contends—unremarkably considering the admittedly unpalatable conditions attendant to incarceration—that being detained in the jail was unsettling and depressing. His anchorless assertion to a prior suicide attempt is insufficient to establish that he suffered from depression and that his depression was a "serious medical condition," or that Carpenter's alleged inaction was "so grossly incompetent [or] inadequate . . . as to shock the conscience . . . ." Miltier, 896 F.2d at 852. Without more, he has failed to state a cause of action under § 1983 against Carpenter.[11]

### 4. DBHDS Officials[12]

Plaintiff alleges that both James Stewart and Jack Barber, commissioner and interim commissioner of DBHDS, failed to have him transferred to a facility run by DBHDS. (See Compl. ¶ 47.) This failure, he alleges, violated his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff makes no factual allegations against either Stewart or Barber. Rather, they are mentioned, for the first time, in Plaintiff's claim for relief. Having failed to allege facts that state a claim against either Stewart or Barber, their motion to dismiss will be granted.

Moreover, even if Plaintiff had alleged some knowledge on the part of the DBHDS officials, any alleged failure to have him transferred would not state a claim for violation of the Eighth Amendment under the facts alleged. As discussed previously, Plaintiff's detention in the

---

[11] Plaintiff's brief in opposition to Carpenter's motion to dismiss appears to argue that Carpenter should have instructed the jail personnel "to house the individual apart from the inmates . . . ." [ECF No. 45]." Even assuming Carpenter had such authority, such an allegation fails to state a claim. While in custody, Plaintiff had a liberty interest in avoiding confinement conditions that impose "atypical and significant hardship" on him "in relation to the ordinary incidents of" life in confinement. Sandin v. Conner, 515 U.S. 472, 484 (1995). Not being held in a population that suited his preferences does not rise to the level of a constitutional violation, even granting his contention that he was "depressed."

[12] Defendant James Stewart and Jack Barber.

Martinsville City Jail did not amount to a punitive detention, or a detention without cause, and thus there is no constitutional violation for housing him there. Cf. Harding v. Aylor, No. 7:14cv00302, 2015 WL 5178185, at *2 (W.D. Va. Sept. 4, 2015) (holding that being housed in an "'overcrowded' cell block with no windows, twenty-four hour illumination and surveillance, and 'no partition' for toilets" did not rise to the level of unconstitutional punishment).

### 5. William Winters

Plaintiff's purported basis of recovery against Defendant William Winters is unclear. Insofar as he states a claim against Winters in his "official capacity" as an assistant attorney general for Virginia, that suit is barred by the Eleventh Amendment, as a suit against an assistant attorney general is a suit against the state—an action for which the state enjoys sovereign immunity. See Stratton v. Virginia, No. 1:17-cv-00548, 2017 WL 4484245, at *1 (E.D. Va. May 31, 2017).

Regarding the claims against Winters in his individual capacity, Plaintiff has failed to state a claim. As best as I can glean from Plaintiff's pleadings, Winters represented the Commonwealth of Virginia in the civil commitment proceedings against Plaintiff, as well as in the revocation proceedings at issue here. Like the probation officers, the only allegation against Winters seems to be that he participated, in some way, in the issuance of the emergency custody order which brought Plaintiff into custody and led to him being housed in the Martinsville City Jail. Aside from his contention that the Virginia SVP statute required him to be housed elsewhere, he has not alleged any wrongful action with regards to the petition for or issuance of the emergency custody order. See, e.g., Franks v. Delaware, 438 U.S. 154 (1978); Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (extending Franks to § 1983 claims).

Absent any claim that Winters violated Plaintiff's federal statutory or constitutional rights, he has failed to state a claim against Winters.

### 6. State Law Claims

Insofar as Plaintiff asserts various state law claims against the defendants, they will be dismissed for lack of jurisdiction. A federal court may entertain state law claims under the grant of supplemental jurisdiction so long as it has original jurisdiction over some claim. See 28 U.S.C. § 1367(a) (2018). Because any claim which arguably vests jurisdiction with this court will be dismissed, I decline to exercise supplemental jurisdiction over the remaining state law claims. Id. § 1367(c)(3).

## B. Motion for Leave to File an Amended Complaint

The applicable rules favor liberal grants of leave to amend a previously filed complaint. See Fed. R. Civ. P. 15(a)(2). Leave should be denied, however, when a proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff's amendment would be a futile one. He proposes to add a claim against Sheriff Draper for violation of Va. Code Ann. § 8.01-297 (concerning service of process). As previously stated, violations of state law, without more, do not state a claim under § 1983. See Weller, 901 F.2d at 392. Accordingly, adding such a claim would be futile, and Plaintiff's amendment will not be permitted.[13]

## C. Motion to Reconsider Appointment of Counsel

Finally, Plaintiff asks that I reconsider appointing him private counsel to prosecute this action. As I stated before, while I am empowered to request private counsel represent litigants in civil actions, see 28 U.S.C. § 1915(e)(1), I lack the authority to *compel* an attorney to represent

---

[13] There is also the possibility that such a claim would be barred by the Rooker-Feldman doctrine, as holding that Plaintiff was never served with process would necessarily call into question the state court judgment entered against Plaintiff in that action. See, e.g., Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 236 (4th Cir. 2013).

Plaintiff, see Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995). Accordingly, his request for the appointment of counsel will be denied.

## IV. CONCLUSION

Plaintiff's Complaint for relief under § 1983 is premised almost exclusively on his interpretation of the Virginia SVP statute. Because the violation of state law does not, standing alone, give rise to a cause of action under § 1983, he has failed to state a claim that entitles him to relief. Insofar as he asserts them, his constitutional claims are inadequately alleged or wholly barred by applicable law. Because his federal causes of action will be dismissed, I decline to exercise supplemental jurisdiction over his state law claims, and those claims will be dismissed for lack of jurisdiction.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff and all counsel of record.

**ENTERED** this 14th day of March, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE